Eugene Killian, Jr., Esq. (ID 2043289)
Dimitri Teresh, Esq. (5125281)
**THE KILLIAN FIRM, P.C.**
48 Wall Street, 11th Floor
New York, NY 10005
Main: (732) 912-2100
Direct: (848) 837-5023
ekillian@tkfpc.com
dteresh@tkfpc.com
*Attorneys for Plaintiffs*

Ryan Milun, Esq. (*pro hac vice* forthcoming)
**THE MILUN LAW FIRM, LLC**
20 Commerce Drive, Suite 135
Cranford, New Jersey 07016
Main: (862) 702-5010
Direct: (862) 702-5011
ryan.milun@milunlaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MA by Donald P. Milione, D.C. as attorney-in-fact; BC by Donald P. Milione, D.C. as attorney-in-fact; MK by Donald P. Milione, D.C. as attorney-in-fact; PM by Donald P. Milione, D.C. as attorney-in-fact; GM by Donald P. Milione, D.C. as attorney-in-fact; SM by Donald P. Milione, D.C. as attorney-in-fact; GO by Donald P. Milione, D.C. as attorney-in-fact; RR by Donald P. Milione, D.C. as attorney-in-fact; MR by Donald P. Milione, D.C. as attorney-in-fact; JS by Donald P. Milione, D.C. as attorney-in-fact; JW by Donald P. Milione, D.C. as attorney-in-fact; VV by Donald P. Milione, D.C. as attorney-in-fact; BM by Donald P. Milione, D.C. as attorney-in-fact; and CH by Donald P. Milione, D.C. as attorney-in-fact,

Plaintiffs,

v.

AETNA Life Insurance Company;
Anthem HealthChoice Assurance, Inc.,
f/k/a Empire HealthChoice Assurance, Inc.; and
Anthem HealthChoice HMO, Inc.,
f/k/a Empire HealthChoice HMO, Inc.,
each d/b/a Empire BlueCross BlueShield,

Defendants.

Civil Action No. 1:26-cv-06514 (PAE)

**FIRST AMENDED COMPLAINT**

Plaintiffs, MA, BC, MK, PM, GM, SM, GO, RR, MR, JS, JW, VV, BM AND CH by and through Donald P. Milione, D.C. as attorney-in-fact, for their first amended complaint against defendants AETNA Life Insurance Company ("AETNA"), Anthem HealthChoice Assurance, Inc., formerly known as Empire HealthChoice Assurance, Inc., and Anthem HealthChoice HMO, Inc., formerly known as Empire HealthChoice HMO, Inc., each d/b/a Empire BlueCross BlueShield (together, "EMPIRE"), state:

## THE PARTIES

1. AETNA Life Insurance Company ("AETNA") is a corporation that sells insurance products, including health insurance plans and policies, within the State of New York and specifically within this district.

2. Defendants Anthem HealthChoice Assurance, Inc., formerly known as Empire HealthChoice Assurance, Inc., and Anthem HealthChoice HMO, Inc., formerly known as Empire HealthChoice HMO, Inc., each d/b/a Empire BlueCross BlueShield (together, "EMPIRE"), are New York corporations that sell and administer insurance products, including health insurance plans and policies, within the State of New York and specifically within this district. References in this First Amended Complaint to the acts of EMPIRE, including the receipt, processing, denial, underpayment, and review on appeal of claims, include acts taken by EMPIRE directly and acts taken on EMPIRE's behalf by its agents, claims administrators, and affiliated or participating Blue Cross Blue Shield licensees.

3. MA was covered by an insurance policy or plan sold by AETNA. MA, by Donald P. Milione, D.C. as attorney-in-fact, has commenced this action so he can seek the recovery

of benefits improperly denied or underpaid by AETNA under the plan covering MA at the time certain covered services were performed.

4. BC was covered by an insurance policy or plan sold by AETNA. BC, by Donald P. Milione, D.C. as attorney-in-fact, has commenced this action so he can seek the recovery of benefits improperly denied or underpaid by AETNA under the plan covering BC at the time certain covered services were performed.

5. MK was covered by an insurance policy or plan sold by AETNA. MK, by Donald P. Milione, D.C. as attorney-in-fact, has commenced this action so she can seek the recovery of benefits improperly denied or underpaid by AETNA under the plan covering MK at the time certain covered services were performed.

6. PM was covered by an insurance policy or plan sold by AETNA. PM, by Donald P. Milione, D.C. as attorney-in-fact, has commenced this action so she can seek the recovery of benefits improperly denied or underpaid by AETNA under the plan covering PM at the time certain covered services were performed.

7. GM was covered by an insurance policy or plan sold by AETNA. GM, by Donald P. Milione, D.C. as attorney-in-fact, has commenced this action so he can seek the recovery of benefits improperly denied or underpaid by AETNA under the plan covering GM at the time certain covered services were performed.

8. SM was covered by an insurance policy or plan sold by AETNA. SM, by Donald P. Milione, D.C. as attorney-in-fact, has commenced this action so she can seek the recovery of benefits improperly denied or underpaid by AETNA under the plan covering SM at the time certain covered services were performed.

9. GO was covered by an insurance policy or plan sold by AETNA. GO, by Donald P. Milione, D.C. as attorney-in-fact, has commenced this action so he can seek the recovery of benefits improperly denied or underpaid by AETNA under the plan covering GO at the time certain covered services were performed.

10. RR was covered by an insurance policy or plan sold by AETNA. RR, by Donald P. Milione, D.C. as attorney-in-fact, has commenced this action so he can seek the recovery of benefits improperly denied or underpaid by AETNA under the plan covering RR at the time certain covered services were performed.

11. MR was covered by an insurance policy or plan sold by AETNA. MR, by Donald P. Milione, D.C. as attorney-in-fact, has commenced this action so he can seek the recovery of benefits improperly denied or underpaid by AETNA under the plan covering MR at the time certain covered services were performed.

12. JS was covered by an insurance policy or plan sold by AETNA. JS, by Donald P. Milione, D.C. as attorney-in-fact, has commenced this action so he can seek the recovery of benefits improperly denied or underpaid by AETNA under the plan covering JS at the time certain covered services were performed.

13. JW was covered by an insurance policy or plan sold by AETNA. JW, by Donald P. Milione, D.C. as attorney-in-fact, has commenced this action so he can seek the recovery of benefits improperly denied or underpaid by AETNA under the plan covering JW at the time certain covered services were performed.

14. VV was covered by an insurance policy or plan sold by AETNA. VV, by Donald P. Milione, D.C. as attorney-in-fact, has commenced this action so he can seek the recovery

of benefits improperly denied or underpaid by AETNA under the plan covering VV at the time certain covered services were performed.

15. BM was covered by an insurance policy or plan sold or administered by EMPIRE. BM, by Donald P. Milione, D.C. as attorney-in-fact, has commenced this action so he can seek the recovery of benefits improperly denied or underpaid by EMPIRE under the plan covering BM at the time certain covered services were performed.

16. CH was covered by an insurance policy or plan sold or administered by EMPIRE. CH, by Donald P. Milione, D.C. as attorney-in-fact, has commenced this action so he can seek the recovery of benefits improperly denied or underpaid by EMPIRE under the plan covering CH at the time certain covered services were performed.

## JURISDICTION AND VENUE

17. This Court has federal question jurisdiction over this action under 28 USC §1331 and under the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §1132 as this action involves a claim by the various patients covered by AETNA and/or EMPIRE for services that were provided by Dr. Donald Milione, D.C. for which AETNA and EMPIRE failed to pay in accordance with each patient's applicable health benefits plan regulated and governed under ERISA.

18. Venue exists in this District under 28 USC §1391 in that the defendants reside in this district as entities that are "subject to the Court's personal jurisdiction with respect to the civil action in question" and the Defendants regularly conduct business in this district including the sale of insurance policies to citizens of this District.

## NATURE AND BACKGROUND OF THIS ACTION

19. This action, which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., arises out of the repeated failure of Defendants to pay for (or pay in full for) health benefits that were medically necessary and covered by the plans sold to the plaintiffs.

20. In addition, to the extent the health plans covering the Plaintiffs are not governed by ERISA, they request that this Court exercise supplemental jurisdiction over their claims.

21. As described below, Defendants repeatedly denied or underpaid Plaintiffs' claims for various services received and covered by the applicable health plans, including Nerve Conduction Studies.

22. In denying or underpaying the claims, Defendants routinely ignored relevant information submitted by the treating clinician, Donald Milione, D.C. during the claims process and refused to properly consider the appeals filed by Donald Milione, D.C. on behalf of his patients.

23. Defendants not only made erroneous benefit determinations that should be reversed, they also violated their duties as ERISA fiduciaries.

24. Defendants have failed to act prudently and in the interests of the Plaintiffs, the plan beneficiaries, have failed to follow written plan documents, and have failed to decide the claims under a full and fair claims procedure as set forth in ERISA's claim regulations. See 29 U.S.C. §§ 1104, 1133; 29 C.F.R. § 2560.503-1.

25. Plaintiffs seek payment of all benefits due under their respective benefit plans and Plaintiffs further seek injunctive and other equitable relief requiring Defendants to comply with the requirements of ERISA in the future with regard to additional services provided to the Plaintiffs at issue in this case.

**MA**

26. MA was a patient of Milione and AETNA denied benefits or significantly underpaid for certain services performed on the following dates: February 28, 2023, March 6, 2023, March 8, 2023, March 14, 2023, March 15, 2023, March 22, 2023, and March 27, 2023.

27. MA was, at all relevant times, a covered beneficiary under a benefit plan sold by AETNA pursuant to which, MA is entitled to health care benefits.

28. When MA became a patient of Milione, he signed a Power of Attorney document, a true and correct copy of which is attached hereto.

29. The chiropractic services provided by Milione are specifically covered by the AETNA plan and accordingly, AETNA should have paid for the covered services received by MA. Instead, AETNA failed to pay or underpaid significantly leaving MA owing Milione $7,532.04.

30. Milione has requested payment for the covered services from MA, and MA is now seeking the required payment from AETNA.

31. Despite being provided relevant medical records and other supporting documents and information, AETNA still refused to pay the claim in full – only paying a very small portion of the amounts owed – and inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

32. AETNA's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

33. The total still owed for all of the necessary services provided by Dr. Milione is $7,532.04.

34. After the benefits were improperly denied or underpaid, MA went through the entire appeal process and all appeals were denied.

35. The required payment under the plan remains outstanding.

**BC**

36. BC was a patient of Milione and AETNA denied benefits or significantly underpaid for certain services performed on the following dates: April 13, 2022, April 18, 2022, April 20, 2022 and May 9, 2022.

37. BC was, at all relevant times, a covered beneficiary under a benefit plan sold by AETNA pursuant to which, BC is entitled to health care benefits.

38. When BC became a patient of Milione, he signed a Power of Attorney document, a true and correct copy of which is attached hereto.

39. The chiropractic services provided by Milione are specifically covered by the AETNA plan and accordingly, AETNA should have paid for the covered services received by BC. Instead, AETNA failed to pay or underpaid significantly leaving BC owing Milione $4,086.75.

40. Milione has requested payment for the covered services from BC, and BC is now seeking the required payment from AETNA.

41. Despite being provided relevant medical records and other supporting documents and information, AETNA still refused to pay the claim in full – only paying a very small portion of the amounts owed – and inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

42. AETNA's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

43. The total still owed for all of the necessary services provided by Dr. Milione is $4,086.75.

44. After the benefits were improperly denied or underpaid, BC went through the entire appeal process and all appeals were denied.

45. The required payment under the AETNA plan remains outstanding.

**MK**

46. MK was a patient of Milione and AETNA denied benefits or significantly underpaid for certain services performed on the following dates: August 15, 2022, August 24, 2022, August 31, 2022, and September 7, 2022.

47. MK was, at all relevant times, a covered beneficiary under a benefit plan sold by AETNA pursuant to which, MK is entitled to health care benefits.

48. When MK became a patient of Milione, she signed a Power of Attorney document, a true and correct copy of which is attached hereto.

49. The chiropractic services provided by Milione are specifically covered by the AETNA plan and accordingly, AETNA should have paid for the covered services received by MK. Instead, AETNA failed to pay or underpaid significantly leaving MK owing Milione $2,576.00.

50. Milione has requested payment for the covered services from MK, and MK is now seeking the required payment from AETNA.

51. Despite being provided relevant medical records and other supporting documents and information, AETNA still refused to pay the claim in full – only paying a very small portion of the amounts owed – and inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

52. AETNA's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

53. The total still owed for all of the necessary services provided by Dr. Milione is $2,576.00.

54. After the benefits were improperly denied or underpaid, MK went through the entire appeal process and all appeals were denied.

55. The required payment under the plan remains outstanding.

**PM**

56. PM was a patient of Milione and AETNA denied benefits or significantly underpaid for certain services performed on the following dates: November 18, 2019, November 19, 2019, November 20, 2019, November 20, 2019, November 21, 2019, November 25, 2019, November 26, 2019, November 27, 2019, December 2, 2019, December 3, 2019, December 4, 2019, December 5, 2019.

57. PM was, at all relevant times, a covered beneficiary under a benefit plan sold by AETNA pursuant to which, PM is entitled to health care benefits.

58. When PM became a patient of Milione, she signed a Power of Attorney document, a true and correct copy of which is attached hereto.

59. The chiropractic services provided by Milione are specifically covered by the AETNA plan and accordingly, AETNA should have paid for the covered services received by PM. Instead, AETNA failed to pay or underpaid significantly leaving PM owing Milione $8,577.14.

60. Milione has requested payment for the covered services from PM, and PM is now seeking the required payment from AETNA.

61. Despite being provided relevant medical records and other supporting documents and information, AETNA still refused to pay the claim in full – only paying a very small portion of the amounts owed – and inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

62. AETNA's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

63. The total still owed for all of the necessary services provided by Dr. Milione is $8,577.14.

64. After the benefits were improperly denied or underpaid, PM went through the entire appeal process and all appeals were denied.

65. The required payment under the plan remains outstanding.

**GM**

66. GM was a patient of Milione and AETNA denied benefits or significantly underpaid for certain services performed on the following dates: November 5, 2021, November 10, 2021, March 2, 2022, March 7, 2022, April 25, 2022, April 27, 2022, May 2, 2022, May 4, 2022, May 11, 2022, May 18, 2022, June 27, 2022, July 11, 2022, August 10, 2022, February 20, 2023, and February 22, 2023.

67. GM was, at all relevant times, a covered beneficiary under a benefit plan sold by AETNA pursuant to which, GM is entitled to health care benefits.

68. When GM became a patient of Milione, he signed a Power of Attorney document, a true and correct copy of which is attached hereto.

69. The chiropractic services provided by Milione are specifically covered by the AETNA plan and accordingly, AETNA should have paid for the covered services received by GM.

Instead, AETNA failed to pay or underpaid significantly leaving GM owing Milione $12,003.30.

70. Milione has requested payment for the covered services from GM, and GM is now seeking the required payment from AETNA.

71. Despite being provided relevant medical records and other supporting documents and information, AETNA still refused to pay the claim in full – only paying a very small portion of the amounts owed – and inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

72. AETNA's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

73. The total still owed for all of the necessary services provided by Dr. Milione is $12,003.30.

74. After the benefits were improperly denied or underpaid, GM went through the entire appeal process and all appeals were denied.

75. The required payment under the plan remains outstanding.

**SM**

76. SM was a patient of Milione and AETNA denied benefits or significantly underpaid for certain services performed on the following dates: September 28, 2017, November 10, 2021 and July 25, 2022.

77. SM was, at all relevant times, a covered beneficiary under a benefit plan sold by AETNA pursuant to which, SM is entitled to health care benefits.

78. When SM became a patient of Milione, she signed a Power of Attorney document, a true and correct copy of which is attached hereto.

79. The chiropractic services provided by Milione are specifically covered by the AETNA plan and accordingly, AETNA should have paid for the covered services received by SM. Instead, AETNA failed to pay or underpaid significantly leaving SM owing Milione $3,419.32.

80. Milione has requested payment for the covered services from SM, and SM is now seeking the required payment from AETNA.

81. Despite being provided relevant medical records and other supporting documents and information, AETNA still refused to pay the claim in full – only paying a very small portion of the amounts owed – and inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

82. AETNA's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

83. The total still owed for all of the necessary services provided by Dr. Milione is $3,419.32.

84. After the benefits were improperly denied or underpaid, SM went through the entire appeal process and all appeals were denied.

85. The required payment under the plan remains outstanding.

**GO**

86. GO was a patient of Milione and AETNA denied benefits or significantly underpaid for certain services performed on the following dates: November 29, 2022, December 5, 2022, December 7, 2022.

87. GO was, at all relevant times, a covered beneficiary under a benefit plan sold by AETNA pursuant to which, GO is entitled to health care benefits.

88. When GO became a patient of Milione, he signed a Power of Attorney document, a true and correct copy of which is attached hereto.

89. The chiropractic services provided by Milione are specifically covered by the AETNA plan and accordingly, AETNA should have paid for the covered services received by GO. Instead, AETNA failed to pay or underpaid significantly leaving GO owing Milione $5,401.93.

90. Milione has requested payment for the covered services from GO, and GO is now seeking the required payment from AETNA.

91. Despite being provided relevant medical records and other supporting documents and information, AETNA still refused to pay the claim in full – only paying a very small portion of the amounts owed – and inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

92. AETNA's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

93. The total still owed for all of the necessary services provided by Dr. Milione is $5,401.93.

94. After the benefits were improperly denied or underpaid, GO went through the entire appeal process and all appeals were denied.

95. The required payment under the plan remains outstanding.

**RR**

96. RR was a patient of Milione and AETNA denied benefits or significantly underpaid for certain services performed on the following dates: November 10, 2021, November 12, 2021, November 17, 2021, November 19, 2021, November 19, 2021, December 6, 2021,

December 8, 2021, December 13, 2021, December 15, 2021, January 5, 2022, January 10, 2022, January 12, 2022, January 19, 2022.

97. RR was, at all relevant times, a covered beneficiary under a benefit plan sold by AETNA pursuant to which, RR is entitled to health care benefits.

98. When RR became a patient of Milione, she signed a Power of Attorney document, a true and correct copy of which is attached hereto.

99. The chiropractic services provided by Milione are specifically covered by the AETNA plan and accordingly, AETNA should have paid for the covered services received by RR. Instead, AETNA failed to pay or underpaid significantly leaving RR owing Milione $6,776.74.

100. Milione has requested payment for the covered services from RR, and RR is now seeking the required payment from AETNA.

101. Despite being provided relevant medical records and other supporting documents and information, AETNA still refused to pay the claim in full – only paying a very small portion of the amounts owed – and inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

102. AETNA's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

103. The total still owed for all of the necessary services provided by Dr. Milione is $6,776.74.

104. After the benefits were improperly denied or underpaid, RR went through the entire appeal process and all appeals were denied.

105. The required payment under the plan remains outstanding.

**MR**

106. MR was a patient of Milione and AETNA denied benefits or significantly underpaid for certain services performed on the following dates: August 11, 2021, August 18, 2021, September 1, 2021, October 7, 2021, October 22, 2021, November 5, 2021, November 24, 2021, January 24, 2022, January 26, 2022, January 31, 2022, February 7, 2022, February 14, 2022.

107. MR was, at all relevant times, a covered beneficiary under a benefit plan sold by AETNA pursuant to which, MR is entitled to health care benefits.

108. When MR became a patient of Milione, she signed a Power of Attorney document, a true and correct copy of which is attached hereto.

109. The chiropractic services provided by Milione are specifically covered by the AETNA plan and accordingly, AETNA should have paid for the covered services received by MR. Instead, AETNA failed to pay or underpaid significantly leaving MR owing Milione $12,001.38.

110. Milione has requested payment for the covered services from MR, and MR is now seeking the required payment from AETNA.

111. Despite being provided relevant medical records and other supporting documents and information, AETNA still refused to pay the claim in full – only paying a very small portion of the amounts owed – and inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

112. AETNA's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

113. The total still owed for all of the necessary services provided by Dr. Milione is $12,001.38.

114. After the benefits were improperly denied or underpaid, MR went through the entire appeal process and all appeals were denied.

115. The required payment under the plan remains outstanding.

**JS**

116. JS was a patient of Milione and AETNA denied benefits or significantly underpaid for certain services performed on the following date: December 21, 2022.

117. JS was, at all relevant times, a covered beneficiary under a benefit plan sold by AETNA pursuant to which, JS is entitled to health care benefits.

118. When JS became a patient of Milione, she signed a Power of Attorney document, a true and correct copy of which is attached hereto.

119. The chiropractic services provided by Milione are specifically covered by the AETNA plan and accordingly, AETNA should have paid for the covered services received by JS. Instead, AETNA failed to pay or underpaid significantly leaving JS owing Milione $1,285.60.

120. Milione has requested payment for the covered services from JS, and JS is now seeking the required payment from AETNA.

121. Despite being provided relevant medical records and other supporting documents and information, AETNA still refused to pay the claim in full – only paying a very small portion of the amounts owed – and inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

122. AETNA's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

123. The total still owed for all of the necessary services provided by Dr. Milione is $1,285.60.

124. After the benefits were improperly denied or underpaid, JS went through the entire appeal process and all appeals were denied.

125. The required payment under the plan remains outstanding.

**JW**

126. JW was a patient of Milione and AETNA denied benefits or significantly underpaid for certain services performed on the following date: February 17, 2020.

127. JW was, at all relevant times, a covered beneficiary under a benefit plan sold by AETNA pursuant to which, JW is entitled to health care benefits.

128. When JW became a patient of Milione, she signed a Power of Attorney document, a true and correct copy of which is attached hereto.

129. The chiropractic services provided by Milione are specifically covered by the AETNA plan and accordingly, AETNA should have paid for the covered services received by JW. Instead, AETNA failed to pay or underpaid significantly leaving JW owing Milione $1,702.87.

130. Milione has requested payment for the covered services from JW, and JW is now seeking the required payment from AETNA.

131. Despite being provided relevant medical records and other supporting documents and information, AETNA still refused to pay the claim in full – only paying a very small portion of the amounts owed – and inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

132. AETNA's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

133. The total still owed for all of the necessary services provided by Dr. Milione is $1,702.87.

134. After the benefits were improperly denied or underpaid, JW went through the entire appeal process and all appeals were denied.

135. The required payment under the plan remains outstanding.

**VV**

136. VV was a patient of Milione and AETNA denied benefits or significantly underpaid for certain services performed on the following dates: May 18, 2022, June 1, 2022, June 20, 2022, August 17, 2022, August 24, 2022, August 31, 2022, September 21, 2022, November 2, 2022, November 6, 2022, December 7, 2022, January 4, 2023, January 11, 2023.

137. VV was, at all relevant times, a covered beneficiary under a benefit plan sold by AETNA pursuant to which, VV is entitled to health care benefits.

138. When VV became a patient of Milione, she signed a Power of Attorney document, a true and correct copy of which is attached hereto.

139. The chiropractic services provided by Milione are specifically covered by the AETNA plan and accordingly, AETNA should have paid for the covered services received by VV. Instead, AETNA failed to pay or underpaid significantly leaving VV owing Milione $18,580.99.

140. Milione has requested payment for the covered services from VV, and VV is now seeking the required payment from AETNA.

141. Despite being provided relevant medical records and other supporting documents and information, AETNA still refused to pay the claim in full – only paying a very small portion

of the amounts owed – and inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

142. AETNA's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

143. The total still owed for all of the necessary services provided by Dr. Milione is $18,580.99.

144. After the benefits were improperly denied or underpaid, VV went through the entire appeal process and all appeals were denied.

145. The required payment under the plan remains outstanding.

**BM**

146. BM was a patient of Milione and EMPIRE denied benefits or significantly underpaid for certain services performed on the following dates: September 10, 2020, September 15, 2020, September 30, 2020, October 6, 2020, October 20, 2020, November 4, 2020, January 24, 2022, January 31, 2022, February 2, 2022, February 7, 2022, February 14, 2022, February 23, 2022, February 28, 2022, March 7, 2022, March 16, 2022, April 4, 2022, April 13, 2022, April 18, 2022, April 25, 2022, May 9, 2022, May 23, 2022, June 2, 2022, June 22, 2022, July 6, 2022, July 11, 2022, July 27, 2022, August 10, 2022, August 31, 2022, September 14, 2022, October 17, 2022, November 7, 2022, November 14, 2022, November 28, 2022, November 29, 2022, December 5, 2022, December 19, 2022, January 4, 2023, January 18, 2023, February 1, 2023, February 15, 2023, February 22, 2023, April 12, 2023, May 2, 2023, May 17, 2023.

147. BM was, at all relevant times, a covered beneficiary under a benefit plan sold or administered by EMPIRE pursuant to which, BM is entitled to health care benefits.

148. When BM became a patient of Milione, she signed a Power of Attorney document, a true and correct copy of which is attached hereto.

149. The chiropractic services provided by Milione are specifically covered by the EMPIRE plan and accordingly, EMPIRE should have paid for the covered services received by BM. Instead, EMPIRE failed to pay or underpaid significantly leaving BM owing Milione $50,372.22.

150. Milione has requested payment for the covered services from BM, and BM is now seeking the required payment from EMPIRE.

151. Despite being provided relevant medical records and other supporting documents and information, EMPIRE still refused to pay the claim in full – only paying a very small portion of the amounts owed – and inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

152. EMPIRE's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

153. The total still owed for all of the necessary services provided by Dr. Milione is $50,372.22.

154. After the benefits were improperly denied or underpaid, BM went through the entire appeal process and all appeals were denied.

155. The required payment under the plan remains outstanding.

**CH**

156. CH was a patient of Milione and EMPIRE denied benefits or significantly underpaid for certain services performed on the following dates: March 1, 2023, March 8, 2023, March 20, 2023, April 5, 2023, April 12, 2023, April 19, 2023.

157. CH was, at all relevant times, a covered beneficiary under a benefit plan sold or administered by EMPIRE pursuant to which, CH is entitled to health care benefits.

158. When CH became a patient of Milione, he signed a Power of Attorney document, a true and correct copy of which is attached hereto.

159. The chiropractic services provided by Milione are specifically covered by the EMPIRE plan and accordingly, EMPIRE should have paid for the covered services received by CH. Instead, EMPIRE failed to pay or underpaid significantly leaving CH owing Milione $4,665.69.

160. Milione has requested payment for the covered services from CH, and CH is now seeking the required payment from EMPIRE.

161. Despite being provided relevant medical records and other supporting documents and information, EMPIRE still refused to pay the claim in full – only paying a very small portion of the amounts owed – and inexplicably claiming on various occasions that the medical records were not received or were not sufficient to support the medical necessity of the procedures.

162. EMPIRE's denial or underpayment of benefits was not only untimely, but it was also completely improper, arbitrary, and contrary to the benefits plan.

163. The total still owed for all of the necessary services provided by Dr. Milione is $4,665.69.

164. After the benefits were improperly denied or underpaid, CH went through the entire appeal process and all appeals were denied.

165. The required payment under the plan remains outstanding.

166. The decisions on the appeals by the various insurance carrier reviewers for the various Plaintiffs listed above were done in such a way as to suggest that the reviewers were

actually looking for ways to deny coverage as opposed to looking for ways to cover the various patients claims.

167. This is improper under ERISA and under applicable State Law.

168. The various carriers were required to provide benefits and coverage to Plaintiffs for the various nerve studies and other procedures conducted on each plaintiff and by this action, the Plaintiffs are seeking to enforce the coverage for the paid-for benefits they are entitled to under the various plans sold by the various insurance carriers listed in this First Amended Complaint.

## FIRST CLAIM FOR RELIEF – AGAINST AETNA ONLY

169. Plaintiffs repeat the allegations contained in each of the preceding paragraphs of this First Amended Complaint.

170. Claims were submitted to AETNA for various procedures conducted by Milione on, Plaintiffs: MA, BC, MK, PM, GM, SM, GO, RR, MR, JS, JW and VV on the various dates of service noted in this First Amended Complaint.

171. The claims for benefits by MA, BC, MK, PM, GM, SM, GO, RR, MR, JS, JW and VV were improperly denied or underpaid by AETNA and there is a total amount due and outstanding for the TWELVE patient/claimants of $83,944.06, which was the total allowed cost of the treatment for the above claims per the various plan documents.

172. AETNA wrongfully denied or underpaid the claims for, among other reasons, that the claims were not medically necessary or that Milione failed to provide medical records to AETNA – despite the fact that medical records were supplied on multiple occasions.

173. The positions taken by AETNA in denying or underpaying the claims were not only contrary to the plan documents, but they were also contrary to the positions that AETNA

had already taken on multiple occasions during the plan year and in prior plan years at which time AETNA had paid the appropriate amounts for the procedures and requested benefits.

174. Inexplicably, despite a full appeal process, AETNA has steadfastly maintained its denial or underpayment of benefits.

175. AETNA's denial or underpayment of benefits was not in the best interest of the patients and was a threat to their well-being.

176. Following the denial or underpayment of the claims for benefits to MA, BC, MK, PM, GM, SM, GO, RR, MR, JS, JW and VV under the AETNA plans, all required administrative remedies under ERISA were exhausted.

177. As a proximate result of the denial or underpayment of medical benefits, MA, BC, MK, PM, GM, SM, GO, RR, MR, JS, JW and VV have been damaged in the amount of all medical bills incurred for the various procedures, in a total sum to be proven at the time of trial, but believed to be $83,944.06.

178. As a further direct and proximate result of AETNA's improper determination regarding the various procedures, Plaintiffs, in pursuing this action, have been required to incur attorney's fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiffs are entitled to have those fees and costs paid for by AETNA.

WHEREFORE, MA, BC, MK, PM, GM, SM, GO, RR, MR, JS, JW and VV demand relief under ERISA as follows:

a. For compensatory damages, including all amounts owed to date for the required procedures for MA, BC, MK, PM, GM, SM, GO, RR, MR, JS, JW and VV totaling $83,944.06;

b. A declaration that AETNA was and is required to pay for the various procedures at issue;

c. For attorneys fees as permitted by law;

d. Interest and costs of suit;

e. Such other relief that the Court deems appropriate.

## SECOND CLAIM FOR RELIEF – AGAINST EMPIRE ONLY

179. Plaintiffs repeat the allegations contained in each of the preceding paragraphs of this First Amended Complaint.

180. Claims were submitted to EMPIRE for various procedures conducted by Milione on, Plaintiffs: BM and CH on the various dates of service noted in this First Amended Complaint.

181. The claims for benefits by BM and CH were improperly denied or underpaid by EMPIRE and there is a total amount due and outstanding for the two patient/claimants of $55,037.91, which was the total allowed cost of the treatment for the above claims per the various plan documents.

182. EMPIRE wrongfully denied or underpaid the claims for, among other reasons, that the claims were not medically necessary or that Milione failed to provide medical records to EMPIRE – despite the fact that medical records were supplied on multiple occasions.

183. The positions taken by EMPIRE in denying or underpaying the claims were not only contrary to the plan documents, but they were also contrary to the positions that EMPIRE had already taken on multiple occasions during the plan year and in prior plan years at which time EMPIRE had paid the appropriate amounts for the procedures and requested benefits.

184. Inexplicably, despite a full appeal process, EMPIRE has steadfastly maintained its denial or underpayment of benefits.

185. EMPIRE's denial or underpayment of benefits was not in the best interest of the patients and was a threat to their well-being.

186. Following the denial or underpayment of the claims for benefits to BM and CH under the EMPIRE plans, all required administrative remedies under ERISA were exhausted.

187. As a proximate result of the denial or underpayment of medical benefits, BM and CH have been damaged in the amount of all the unpaid medical bills incurred for the various procedures, in a total sum to be proven at the time of trial, but believed to be $55,037.91.

188. As a further direct and proximate result of EMPIRE's improper determination regarding the various procedures, Plaintiffs, in pursuing this action, have been required to incur attorney's fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiffs are entitled to have those fees and costs paid for by EMPIRE.

WHEREFORE, BM and CH demand relief under ERISA as follows:

a. For compensatory damages, including all amounts owed to date for the required procedures for BM and CH totaling $55,037.91;

b. A declaration that EMPIRE was and is required to pay for the various procedures at issue;

c. For attorneys fees as permitted by law;

d. Interest and costs of suit;

e. Such other relief that the Court deems appropriate.

Dated: October 1, 2026

**THE KILLIAN FIRM, P.C.**
By: *_/s/ Dimitri Teresh_*
Dimitri Teresh, Esq.
48 Wall Street, 11th Floor
New York, NY 10005
(732) 912-2100
Direct: (848) 837-5023
dteresh@tkfpc.com
*Attorneys for Plaintiffs*

## RULE 11 CERTIFICATION

DIMITRI TERESH declares as follows:

I am an attorney with the law firm of The Killian Firm, P.C., the attorneys for plaintiffs in this action. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this first amended complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the first amended complaint otherwise complies with the requirements of Rule 11.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 1, 2026

**THE KILLIAN FIRM, P.C.**
By: *<u>/s/ Dimitri Teresh</u>*
Dimitri Teresh, Esq.
48 Wall Street, 11th Floor
New York, NY 10005
(732) 912-2100
Direct: (848) 837-5023
dteresh@tkfpc.com
*Attorneys for Plaintiffs*